**ROBINSON BRADFORD LLP**
Matthew C. Bradford, Esq. (SBN 196798)
3255 W. March Lane, Suite 230
Stockton, California 95219
Telephone:     (209) 954-9001
Facsimile:     (209) 954-9091
matthew@robinsonbradford.net

**TRAHAN LAW GROUP**
Ivan Trahan, Esq. (SBN 75143)
43471 Ridge Park Drive, Suite A
Temecula, California  92590
Telephone:     (951) 693-2080
Facsimile:     (951) 257-5805
bkattorney@earthlink.net

Attorneys for Plaintiff,
Small Ross

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| Small Ross, | ) | Case No.:   5:14 CV 01693 |
| | ) | |
| Plaintiff, | ) | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227, ET SEQ (THE TELEPHONE CONSUMER PROTECTION ACT)** |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Ebay, Inc. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Small Ross alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227, ET SEQ

*Ross v. Ebay*
Case No.:  5:14 CV 01693

1.      Plaintiff brings this action seeking damages and all other available legal or equitable remedies resulting from the illegal actions of Ebay, Inc. ("Ebay" or "Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C.§227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION AND VENUE

2.      This Court has federal question jurisdiction under 28 U.S.C. section 1331 because this case arises out of violations of federal law.  Specifically, Defendant has repeatedly violated 47 U.S.C. section 227 subparagraph (b) as is more thoroughly described below.

3.      Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. section 1391(b) because Defendant does business within the State of California and a substantial part of the events that gave rise to this action took place in Riverside County.

## PARTIES

4.      Plaintiff is a natural person residing in California and is a "person" as defined by 47 U.S.C. section 153(39).

5.      Defendant is a "person" as defined by 47 U.S.C. section153 (39).

6.      The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."

7.      Plaintiff is informed and believes that at all times relevant each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227, ET SEQ**

*Ross v. Ebay*
Case No.:   5:14 CV 01693

acting within the course and scope of said agency and/or employment with full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts and/or admissions complained of herein was made known to, and ratified by, each of the other Defendants.

## BACKGROUND ALLEGATIONS

### The Telephone Consumer Protection Act of 1991 (TCPA) 47 U.S.C. § 227

8.     In response to a number of consumer complaints regarding telemarketing practices, the Congress of the United States enacted the Telephone Consumer Practices Act (47 U.S.C. §227, et seq.)

9.     Among other things, the TCPA regulates the use of automated telephone equipment, also known as "robocallers" with regard to the calling of wireless or cellular telephones.  More specifically, 227(b)(1)(A)(iii) prohibits the robocalling of any cellular or wireless telephone except for emergency purposes or except where the called party has given express consent.

10.     The Federal Communications Commission found that such calls are prohibited because, as Congress found, automated or pre-recorded calls are a greater nuisance and invasion of privacy than live solicitation calls.  Moreover, such calls can be inconvenient and costly because wireless customers may be charged for incoming calls.

### Ebay's Practice of Robocalling Mr. Ross on his Cell Phone

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227, ET SEQ**

*Ross v. Ebay*
Case No.:   5:14 CV 01693

11.     Beginning on or around May 2013, Ebay contacted Mr. Ross on his cellular telephone (number ending in 7505 and/or 4560) in an attempt to collect an alleged outstanding debt owed by Plaintiff.

12.     On multiple instances, Ebay placed at up to 20 calls in a single day to Mr. Ross' cellular telephone for thirty days, seeking to collect the alleged debt owed by Mr. Ross.  In all, Ebay placed at least 600 calls to Mr. Ross' cell phone.

13.     Ebay used an "automatic telephone dialing system", as defined by 47 U.S.C. §227(a)(1), to place calls its calls to Mr. Ross seeking to collect the debt allegedly owed by Mr. Ross.

14.     Ebay's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A).

15.     Ebay's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C §227(b)(1).

16.     According to information and belief, Ebay never received Mr. Ross' "prior express consent" to receive calls on using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. §227(b)(1)(A).   If Mr. Ross did unwittingly give Ebay "express consent", he later revoked said "express consent" by telling Ebay to stop calling him.

17.     On a few occasions, Mr. Ross answered Ebay's telephone calls in order to advise them to cease calling on his cell phone.  However, Mr. Ross was unable to speak with a live

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227, ET SEQ**

*Ross v. Ebay*
Case No.:   5:14 CV 01693

**- 4 -**

human representative as Mr. Ross was routinely greeted by "dead air" on the other end of the call.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

18.     Mr. Ross repeats and incorporates by reference into this cause of action the allegations set forth above at paragraphs 1-17.

19.     The foregoing acts and omissions of Ebay constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. section 227 et. seq.  Pursuant to 47 U.S.C.  section 227(b)(3)(B), Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation.

20.     Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### Knowing or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

21.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at paragraphs 1-17.

22.     The foregoing acts and omissions of Ebay constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. section 227 et seq.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227, ET SEQ**

*Ross v. Ebay*
Case No.:   5:14 CV 01693

23.     As a result of Ebay's knowing and/or willful violations of 47 U.S.C. §227 et seq., Mr. Ross is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B) and 47 U.S.C. section 227(b)(3)(C).

24.     Mr. Ross is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Ross requests judgment against Ebay for the following:

## FIRST CAUSE OF ACTION

1.     As a result of Ebay's negligent violations of 47 U.S.C. section 227(b)(1), Mr. Ross  is entitled to and requests the sum of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B).

2.     An injunction directing Ebay to cease calling Mr. Ross' cellular telephone number using any automatic telephone dialing system as defined by 47 U.S.C. section 227(a)(1).

3.     Any and all relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

1.     As a result of Ebay's willful and/or knowing violations of 47 U.S.C. section 227(b)(1), Mr. Ross is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B) and 47 U.S.C. section 227(b)(3)(C).

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227, ET SEQ**

*Ross v. Ebay*
Case No.:   5:14 CV 01693

2.      An injunction directing Ebay to cease calling Mr. Ross' cellular telephone number using any automatic telephone dialing system as defined by 47 U.S.C. section 227(a)(1).

3.      Any and all other relief that the Court deems just and proper.

Dated this 14th day of August, 2014.

**ROBINSON BRADFORD LLP**

By:    /S/Matthew C. Bradford, Esq.

Matthew C. Bradford
ROBINSON BRADFORD LLP
Attorney for Plaintiff, Small Ross

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227, ET SEQ**

*Ross v. Ebay*
Case No.:   5:14 CV 01693

**JURY TRIAL DEMAND**

Plaintiff Small Ross hereby requests a jury trial on the claims of the complaint.

Dated this 14th day of August, 2014.

.

**ROBINSON BRADFORD LLP**

By:    <u>/S/Matthew C. Bradford, Esq.</u>
           Matthew C. Bradford
           ROBINSON BRADFORD LLP
           Attorney for Plaintiff, Small Ross